UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A&D PRODUCE COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:17-cv-2823 |
| GEO A. HEIMOS PRODUCE COMPANY, INC., JAMES HEIMOS, SR. | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

## COMPLAINT

Plaintiff, A&D Produce Company ("A&D"), files this complaint against Defendants, Geo. A. Heimos Produce Company, Inc. ("Heimos Produce"), doing business as Heimos Produce Co., and James M. Heimos, Sr. ("Mr. Heimos"), individually, and alleges as follows:

### INTRODUCTION

1.  A&D provides produce delivery services to various produce wholesalers and retailers throughout the St. Louis area.

2.  Since at least July 2013, A&D provided on-demand produce delivery services to Heimos Produce in exchange for compensation.

3.  Upon request by Mr. Heimos and/or other agents of Heimos Produce, A&D would pick up produce from Heimos Produce's location on Produce Row in St. Louis and deliver the items to various retail stores in the St. Louis-area, including stores like Schnucks, Shop 'n Save and Edible Arrangements, as well as several grocery cooperatives. The recipients paid

Heimos Produce directly for the goods and delivery charges, and in some cases, required full payment for the goods and delivery charges in advance of delivery.

4. From March 2016 through early January 2017, A&D made more than 669 deliveries for Heimos Produce under the arrangement described in paragraph 3, resulting in invoices totaling $82,386.50. To date, the total remains unpaid despite multiple demands for payment.

5. In a letter to A&D dated October 10, 2017 ("October 10-Letter"), Mr. Heimos does not dispute the amount owed to A&D. In that letter, Mr. Heimos stated as follows:

> On or about February 9, 2017, I wrote you to advise you that Geo. A. Heimos Produce Company, Inc. (the "Company") closed its doors on January 13, 2017. As I indicated in the letter, the Company liquidated its assets for the benefit of our creditors. Under the Perishable Agricultural Commodities Act ("PACA")[,] creditors that had PACA claims had priority over general unsecured vendors such as yourself. Accordingly, it was necessary to settle all of those claims in full before any funds could be used for the benefit of unsecured creditors.
>
> The liquidation is now complete and we have collected all assets of the Company. After payment of costs associated with the liquidation and payment of the settlements with the PAC vendors, the Company is in possession of $10,863.24. This will result in a distribution of approximately 6% to each of the unsecured trade vendors. I enclose here with your check representing said amount and there will be no further checks forthcoming.

6. Enclosed with the October 10-Letter was a check from Heimos Produce made payable to A&D in the amount of $4,943.19, which equals 6% of $82,386.50. Thus, Defendants have admitted to owing this amount to A&D, but claim Heimos Produce has insufficient funds to pay the full balance due, resulting in this lawsuit to recover the full amount owed to A&D.

THE PARTIES

7. Plaintiff A&D Produce Company is incorporated in Illinois and maintains its principal place of business in Granite City, Illinois.

8. Defendant Geo. A. Heimos Produce Company, Inc., is incorporated in the state of Missouri and maintains its principal place of business at 32 Produce Row, St. Louis, MO 63102, within this judicial district.

9. Defendant James Heimos, Sr., resides in St. Louis County, Missouri, within this judicial district, and is/was the owner and president of Heimos Produce.

### JURISDICTION AND VENUE

10. Pursuant to 28 U.S.C. § 1332, the Court has original jurisdiction in this matter because complete diversity of citizenship exists between Plaintiff and Defendants and the amount in controversy exceeds $75,000.

11. Pursuant to 28 U.S.C. § 1391(b), venue is appropriate in this judicial district because Defendants reside in this district and because a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

### COUNT I - BREACH OF ORAL CONTRACT

12. Plaintiff incorporates by reference the allegations in paragraphs 1-11.

13. Defendants Heimos Produce and Mr. Heimos entered into an oral agreement with A&D whereby A&D would provide produce delivery services to Heimos Produce in exchange for reasonable compensation.

14. The oral agreement (*i.e.* the "meeting of the minds") is evidenced by the hundreds of invoices paid by Defendants for these services prior to Defendants cessation of payments for deliveries occurring after March 2016.

15. Defendants are in breach of the oral contract by failing to pay A&D for its delivery services despite A&D's total and complete performance under the agreement. As stated in paragraphs 5-6, Defendants have admitted that Heimos Produce owes A&D $82,386.50.

16.     Wherefore, Defendants are in breach of this oral agreement and Plaintiff is entitled to judgment against Defendants, joint and severally, on the breach of oral contract claim in the amount of $82,386.50, plus interest, attorney's fees, and such other appropriate relief.

## COUNT II - UNJUST ENRICHMENT

17.     Plaintiff incorporates by reference the allegations in paragraphs 1-16.

18.     Defendants have been unjustly enriched in that Plaintiff has conferred benefits on Defendants totaling $82,386.50 for services provided, which benefitted both Heimos Produce as a company and Mr. Heimos individually.

19.     Upon information and belief, Defendants have appreciated the fact of those benefits by Heimos Produce receiving payment from customers and Mr. Heimos receiving compensation and shareholder distributions based on Plaintiff's delivery of products without paying Plaintiff just compensation for its services.

20.     Defendants have accepted and retained the benefits provided by A&D such that retention of those benefits without payment to Plaintiff would be inequitable, particularly because Plaintiff incurred considerable costs in order to provide such benefits to Defendants.

21.     Wherefore, Plaintiff is entitled to judgment against Defendants, jointly and severally, on its unjust enrichment claim in the amount of $82,386.50, plus interest, attorney's fees, and such other appropriate relief.

## COUNT III - PROMISSORY ESTOPPEL

22.     Plaintiff incorporates by reference the allegations in paragraphs 1-21.

23.     Prior to the provision of services reflected in the invoices described in paragraph 4, Defendants made promises to pay Plaintiff for its delivery services.

24. On multiple occasions, Mr. Heimos specifically made promises to personally guarantee payment to Plaintiff in exchange for Plaintiff's provision of produce delivery services.

25. Defendants should have reasonably expected that their promises would induce Plaintiff to act, the promises did induce Plaintiff to act, and such promises are binding because injustice can be avoided only by enforcement of those promises.

26. Wherefore, Plaintiff is entitled to judgment against Defendants, jointly and severally, on its promissory estoppel claim in the amount of $82,386.50, plus interest, attorney's fees, and such other appropriate relief.

COUNT IV - FRAUDULENT MISREPRESENTATION

27. Plaintiff incorporates by reference the allegations in paragraphs 1-26.

28. Defendant Mr. Heimos personally made fraudulent misrepresentations to induce A&D to provide services to Heimos Produce, which have resulted in financial harm to Plaintiff.

29. On numerous occasions, beginning as early as March 2016, Mr. Heimos assured A&D that it would be paid for A&D's delivery services and that Heimos Produce intended to remain in business and to satisfy all outstanding debts owed to A&D.

30. In mid-2016, A&D heard vague rumors that Heimos Produce was closing, but when asked about these rumors, Mr. Heimos repeatedly assured A&D this was not the case, and implored A&D to continue making deliveries on its behalf.

31. These assurances and statements by Mr. Heimos were false and Mr. Heimos knew these statements were false at the time they were made.

32. Mr. Heimos knew A&D would act on these false statements by continuing to provide delivery services.

33. A&D relied on these false statements and was ignorant to the falsity of these statements at the time they were made and was justified in relying on these false statements made by the owner of Heimos Produce that A&D would be paid for its services.

34. Finally, A&D's reliance on these false statements was the proximate cause of the damages detailed herein.

35. Wherefore, Plaintiff is entitled to judgment against Defendant Mr. Heimos on its fraudulent misrepresentation claim in the amount of $82,386.50, plus interest, attorney's fees, and such other appropriate relief.

### COUNT V - PIERCING THE CORPORATE VEIL

36. Plaintiff incorporates by reference the allegations in paragraphs 1-35.

37. The Court should find Mr. Heimos, and possibly other shareholders of Heimos Produce not yet named in this lawsuit, personally liable for Heimos Produce's debts to A&D by piercing the corporate veil and/or disregarding the separate corporate entity of Heimos Produce.

38. Under Missouri law, courts may disregard a corporate entity and hold an individual owner personally liable for corporate debts where a corporation is so dominated by a person as to be a mere instrument of that person and indistinct from the person controlling it; where the individual used their control over a corporate entity to commit a fraud or a wrong; and where that person's control and/or actions proximately caused injury to the plaintiff.

39. Here, Mr. Heimos exercised complete control and domination over Heimos Produce; he used that control to commit a fraud and/or a wrong against A&D (described in Counts I-IV); and his actions proximately caused injury to A&D (described herein).

40.     Allowing Mr. Heimos to hide behind the corporate veil of Heimos Produce, after making fraudulent misrepresentations and personal guarantees that he would personally honor the debts owed to A&D, would result in a grave injustice to Plaintiff.

41.     Moreover, upon information and belief, Mr. Heimos, and possibly other shareholders, improperly distributed and/or stripped assets of the corporation, shortly before closing the business, that could have been used to satisfy the debt owed to A&D, and which provides a further basis for piercing the corporate veil and disregarding the corporate entity.

42.     Wherefore, Plaintiff requests the Court pierce the corporate veil of and disregard the corporate entity of Heimos Produce and hold Defendant Mr. Heimos personally liable for all claims herein alleged against Defendant Heimos Produce, including entering judgment against both Defendants, jointly and severally, in the amount of $82,386.50, plus interest, attorney's fees, and such other appropriate relief.

***

WHEREFORE, Plaintiff respectfully requests this Court award Plaintiff a judgment against Defendants, joint and severally, in the amount of $82,386.50, plus interest, attorney's fees, and such other relief the Court deems appropriate.

Date: December 5, 2017

Respectfully submitted,

MCM LAW LLC

/s/ Mark C. Milton
Mark C. Milton, 63101
440 Medina Drive
St. Louis, MO 63122
Tel: 314-394-3370
Fax: 314-689-0344
Email: mark.milton@stltaxlawyer.com
Attorney for Plaintiff